**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SCOTT LEMON,**

       **Petitioner,**

                                     **Civil No: 04-71943**
                                     **Honorable George Caram Steeh**
                                     **Magistrate Judge Wallace Capel, Jr.**

**v.**

**RAY WOLFE, Warden of Pugsley**
**Correctional Facility,**

       **Respondent.**
_____

**MEMORANDUM OPINION & ORDER: GRANTING RESPONDENT'S**
**MOTION FOR IMMEDIATE CONSIDERATION; GRANTING**
**RESPONDENT'S MOTION FOR REHEARING & MOOTING RESPONDENT'S**
**MOTION  FOR STAY OF THIS COURT'S JULY 25, 2005 ORDER**

## I.  INTRODUCTION

This matter is before the Court on Respondent's Motion for Immediate Consideration and

Motion for Rehearing or for Stay of this Court's July 25, 2005 Order.  Petitioner filed a responsive

pleading.   On July 25, 2005, this Court entered a Memorandum Opinion & Order Granting

Petitioner's Motion for Bond Pending Hearing on Writ of Habeas Corpus Under 28 U.S.C. §2254.

Respondent seeks to have the Court reconsider its decision allowing Petitioner to be released on

bond and mandate his continued incarceration pending the Court's decision relative to his habeas

corpus petition.  Alternatively, Respondent requests that this Court's Order of bond release be stayed

pending an appeal to the Sixth Circuit.  Petitioner argues that the Court's decision was correct and

to maintain the status quo.

## II.  STATEMENT OF FACTS

Petitioner was charged with criminal sexual conduct in the third degree in violation of MCL §750.520(d) and of furnishing alcohol to a minor in violation of MCL §463.1701(1). Subsequent to a jury trial in Wayne County Circuit Court, on December 7, 2000, Petitioner was convicted on both counts. On January 19, 2001, Petitioner was sentenced to three years to 22 ½ years for the criminal sexual conduct conviction and to a concurrent term of ninety-one days (time served) for furnishing alcohol to a minor. After Petitioner exhausted his appellate remedies relative to this matter, he filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254 with this Court. Petitioner will be eligible for parole in October 2005.

## III. STANDARD OF REVIEW

### A. Motion for Immediate Consideration

Respondent has requested that his rehearing and reconsideration motion be reviewed immediately so that an expeditious decision can be rendered. Respondent must persuade the Court that there is a need for the immediate review of his motion by demonstrating an independent basis for granting Respondent's request for immediate consideration of the bond release issue. *See, Rein v. Socialist People's Libyan Arab Jamahiriya,* 162 F.3d 748, 756 (2nd Cir. 1998); *Danis News Co. V. City of Ann Arbor,* 517 F. Supp. 86, 88 (D.C. Mich. 1981).

### B. Motion for Rehearing & Reconsideration

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(1)-(3) it is within the Court's discretion to grant or deny motions for rehearing and reconsideration. Generally, the Court will deny motions for rehearing or reconsideration if the motion merely presents the same issues ruled upon by the Court in its previous order. *See, Graham ex. rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 386 (6th Cir 2004). Respondent, in this case, must "demonstrate a

2

palpable defect by which the Court and the parties have been misled, but also show that correcting the defect will result in a different disposition of the case." *Id.*

### C.  Motion for Stay

It is within this Court's discretion to grant or deny  Respondent's alternative request for relief, which is a stay of the Court's July 25, 2005 Order.  *Scripps-Howard Radio v. F.C.C.,* 316 U.S. 4, 10-11 (1942); *Northcross v. Board of Ed. of Memphis City Schools,* 463 F.2d 329, 329-30 (6th Cir. 1972).

## IV.  LAW & ANALYSIS

### A.  Respondent's Motion for Immediate Consideration

In order to determine whether Respondent's rehearing and alternative motion for stay  should be immediately considered, the Court will look at the  subject matter of the motion and the action which Respondent seeks to stay, how soon the Order goes into effect and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision  to grant or deny the stay relief.  *See, Media Access Project v. F.C.C.,* 883 F.2d 1063, 1071 (C.A.D.C. 1989).

In light of the fact that the Petitioner's immediate release has been ordered by the Court and the relief requested by the Respondent is that Petitioner remain incarcerated, the Court finds  that the factual circumstances in this case are such that an immediate review of this matter is warranted. Respondent has demonstrated an independent basis for the Court to give immediate consideration to the bond release issue.

### B.  Motion for Rehearing & Reconsideration

3

This Court has inherent power to admit applicants to bail pending the disposition of habeas petitions, however, this power is to be exercised sparingly. *See, Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). In order to receive bond pending a decision on a petition for a writ of habeas corpus, "[a petitioner] must be able to show not only a substantial claim of law based on the facts surrounding the petitioner but also the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993); *See also Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990).

This Court found that the Petitioner met his burden of proof required for being released on bond by demonstrating the existence of a substantial claim of law (i.e., ineffective assistance of counsel) as well as the existence of an exceptional circumstance.  Respondent disagrees with the Court's finding relative to Petitioner's claim of law being substantial, however, the  argument in support of his reconsideration motion is confined to the second prong of the habeas corpus bond release requirements.  Respondent asserts that the Court made an error in law by finding that an exceptional circumstance existed in this case by concluding that "if Petitioner is granted parole, his habeas case will immediately become moot."  *(Respondent's Rehearing Motion, dated 7/28/05, pg. 4).*  However, the Court did not make such an erroneous statement of law in support of its finding that the second prong of the bond release test had been met.

Specifically, the Court stated: (1) "it *may* lose the power to grant habeas relief;" (2) "*if the petitioner has fully served his sentence*, habeas corpus relief would no longer be available to test the legality of his sentence because the petition would be moot"; (3)  "*although Petitioner's habeas petition becoming moot is not absolute*, the probability of Petitioner losing his ability to contest the legality of his conviction is significant enough to warrant this case being an exceptional

4

circumstance . . . under the bond release requirements. . . . ;" (4) "the habeas petition *may* become

moot" *(Memorandum Opinion & Order, dated 7/25/05, pp. 10-11) (emphasis added).* Therefore,

the Court found that there was a *possibility,* and not a certainty, that Petitioner's parole release

would moot his habeas petition.

The Court's finding is a correct recitation of the law, which provides that a paroled

petitioner's request for habeas relief *can* be dismissed as moot. *Lane v. Williams,* 455 U.S. 624,

631-34 (1982) (paroled petitioner's habeas case was deemed moot because the court found that no

collateral consequences flowed from petitioner's parole revocations). However, such a "moot"

finding is only proper if the petitioner suffers adverse or collateral consequences from the parole

board's decisions as to petitioner's conditions of parole. *Abela v. Martin,* 309 F.3d 338, 343-44 (6th

Cir. 2002). The Court found that there existed an "exceptional circumstance" in this case (i.e., the

possible inability for Petitioner to receive habeas relief), which coupled with the substantial claim

of law presented by the Petitioner resulted in granting his request to be released on bond.

### 1. Exceptional or Extraordinary Circumstances

Although the Court is aware that habeas petitioners are rarely released on bond pending the

disposition of their habeas petitions, due to the lack of exceptional circumstances being present in

their cases, case law provides a few examples of exceptional circumstances used in the context of

the habeas bond release requirements. Exceptional or extraordinary circumstances exist if: (1)

habeas relief is no longer effective as a result of the circumstance, *Mapp v. Reno,* 241 F.3d 221, 226

(2nd Cir. 2001); (2) there has been an exhaustion of judicial remedies, *Dallo v. I.N.S.,* 765 F.2d

581,589 (6th Cir. 1985); (3) the petitioner's health is deteriorating, *Puertas v. Overton,* 272

F.Supp.2d 621, 631 (E.D. Mich. 2003); and (4) the completion of petitioner's sentence is impending,

5

*Landano v. Rafferty*, 970 F.2d 1230, 1239 (3ʳᵈ Cir. 1992).  Applying the facts of this case to the previously found exceptional circumstances, the Court found that Petitioner's habeas relief may no longer have effect due to his impending parole release date.

### 2. Petitioner's Parole Eligibility

Respondent argues that the exceptional circumstance found by the Court is vitiated by Petitioner's impending parole status, which voids his ability to be released on bond.  Respondent asserts that Petitioner's potential parole status means that he will remain "in custody" despite not being in the physical custody of the Department of Corrections.  *See, Carafas v. LaVelle,* 391 U.S. 234, 237-38 (1968).  It is Respondent's position that Petitioner's custodial status will continue due to the anticipated restraints upon Petitioner's liberty as a result of being on parole (i.e., residential restrictions, parole supervision, reporting requirement to a parole officer, employment restrictions, etc.).  *See, Jones v. Cunningham,* 371 U.S. 236, 242-43 (1963).  These foreseen collateral consequences flow from Petitioner's parole status; and therefore, he will not be in danger of having his habeas petition mooted if he is paroled.  *See, Abela v. Martin,* 309 F.3d at 343-44.

Accordingly, Respondent contends that Petitioner will not face the possible inability to receive habeas relief because he will continue to be under the jurisdiction of this Court for the duration of his parole period.  Therefore, Respondent maintains that there is no exceptional circumstance in this case, no meeting of the second bond release requirement by the Petitioner, and no basis upon which to release Petitioner on bond.  The Court agrees.

The Court, however,  still finds that Petitioner's habeas petition *may* become moot if he is paroled.  The statutory requirements of Petitioner's parole conditions include payment of various fees and assessments as well as complying with the sex offender's registration act.  *MCL §791.236;*

*MCL §791.233.*  Beyond those requirements, the setting of conditions of parole is left to the broad discretion of the parole board.  *Bricker v. Michigan Parole Board,* 405 F.Supp. 1340, 1343-44 (E.D. Mich. 1975); *Jones v. Department of Corrections,* 468 Mich. 646, 720-21; 664 N.W.2d 717 (2003); *Triplett v. Deputy Warden,* 142 Mich. App. 774, 784; 371 N.W.2d 862 (1985).  Therefore, the parole conditions, if any, imposed upon the Petitioner *could* have no collateral consequences placing restrictions upon his liberty, which would lead to a non-custodial status and a moot habeas petition. *See*, *Maleng v. Cook,* 490 U.S. 488, 492 (1989) (the Court found that the habeas petitioner was no longer considered "in custody" and within the jurisdiction of the Court despite his argument that he suffers from the collateral consequence of the use of his prior conviction to enhance the sentences imposed for any subsequent crimes of which he is convicted); *Lane v. Williams,* 455 U.S. at 632-33 (petitioner's request for habeas relief was found to be moot because no collateral consequences ("civil disabilities") were found to have flowed from petitioner's parole revocations, which were based upon findings that respondents had violated the conditions of parole terms declared void by the courts below); *Bjerkan v. United States,* 529 F.2d 125, 126-27 (7th Cir. 1975) (court held that the habeas petition was moot when it appeared that the civil disabilities outlined by the Supreme Court did not exist in the circumstances of the case).

However, despite the Court's finding that Petitioner has presented a substantial claim of law and that Petitioner's habeas petition *may* become moot as a result of his potential parole status, the Court finds that it must reconsider its determination that an exceptional circumstance exists in this case.

### 3.  Speculation & State Law Canvass

7

The Court in its July 25, 2005 Order engaged in speculation relative to the future discretionary actions of the parole board in this matter. The Court speculated that Petitioner would be paroled on his first vie for release. Further, the Court speculated that Petitioner's parole would be unconditional and would lack collateral consequences. Therefore, Petitioner would no longer be "in custody" and within the jurisdiction of this Court. Consequently, there would no longer be a live controversy in this matter. The Court theorized the possibility that Petitioner's habeas relief, if any, would no longer be effective as a result of his parole circumstances. This outcome would constitute an exceptional circumstance in accordance with the above cited case law. Conversely, the Respondent is engaging in the same speculation in its argument in support of keeping Petitioner incarcerated pending the disposition of his request for habeas relief. (i.e., Petitioner will not be paroled; if Petitioner is paroled he will suffer adverse consequences as a result of his parole conditions, a live controversy will remain, etc.).

However, case law provides that speculation relative to the future discretionary actions of a parole board and any collateral consequences which may or may not flow from its conditions of parole cannot create a live controversy, and conversely cannot destroy one. *Phifer v. Clark,* 115 F.3d 496, 500-01 (7th Cir. 1996). Accordingly, the basis upon which a habeas petition could potentially be moot cannot be speculative. *See, Landano v. Rafferty,* 970 F.2d 1230, 1239 (3rd Cir. 1992).

Furthermore, the general rule is that a court will refuse to canvass state law to ascertain "the actual existence of specific collateral consequences," of parole conditions, but rather, such consequences are presumed to exist despite the conditional or unconditional terms of the parole. *Sibron v. New York,* 392 U.S. 40, 55 (1968); *see also, Carafas v. LaVelle,* 391 U.S. at 237-38. In arriving at the Court's July 25, 2005 decision, it engaged in such a canvass and found that there

8

were no legislatively mandated collateral consequences.  Therefore, the Court speculated that in the parole board's discretion, it might not impose conditions of parole that would result in adverse or collateral consequences.  This was not a proper exercise by the Court.

Consequently, even if Petitioner was paroled, for purposes of finding an exceptional circumstance in this case under the bond release requirements, collateral consequences of his parole are presumed to exist, barring some extenuating factual circumstance which does not exist here.  Therefore, Petitioner would still have a live controversy, leaving jurisdiction with this Court and negating the possibility of his habeas petition from becoming moot.

**C.  Motion for Stay**

In light of the Court's decision to reconsider its July 25, 2005 decision and deny Petitioner's request to be released on bond, Respondent's alternative request for a stay pending the appeal of this Order is moot.

**V.  <u>CONCLUSION</u>**

For the foregoing reasons, the Court finds that Respondent has shown a palpable defect in the Court's July 25, 2005 decision to grant Petitioner's request to be released on bond and reconsiders its finding that bond release in this matter is proper.  Petitioner is to remain incarcerated pending his release on parole or pending the disposition of his habeas petition, whichever occurs first.

Accordingly,

IT IS HEREBY ORDERED that Respondent's Motion for Immediate Consideration and Motion for Rehearing or for Stay of this Court's July 25, 2005 Order **[Docket No: 28-1, filed July 28, 2005]** is **GRANTED.**

IT IS FURTHER ORDERED that Respondent's request for a stay of this Court's July 25, 2005 Order is **MOOT.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 9, 2005, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager/Deputy Clerk